UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 5:18-CR-81-REW-MAS |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| BOGDAN-STEFAN POPESCU, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 674 (Minute Entry), Judge Stinnett recommended that the undersigned accept Defendant Popescu's guilty plea and adjudge him guilty of Count 1 of the Superseding Indictment. *See* DE 688 (Recommendation); *see also* DE 675 (Plea Agreement); DE 249 (Superseding Indictment) ¶¶ 7–29. Judge Stinnett expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 688 at 3. The established, 3-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) (holding that a failure to file objections to a magistrate judge's recommendation waives the right to appellate review); Fed. R. Crim. P. 59(b)(2)-(3) (limiting *de novo* review duty to "any objection" filed); 28 U.S.C. § 636(b)(1) (limiting *de novo* review duty to "those portions" of the recommendation "to which objection is made").

1

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 688, **ACCEPTS** Popescu's guilty plea, and **ADJUDGES** him guilty of Count 1 of the Superseding Indictment (DE 249 ¶¶ 7–29);

2. Further, per Judge Stinnett's unopposed recommendation and Defendant's agreement (DE 675 ¶ 9), the Court provisionally **FINDS** that Popescu has an interest in the "[r]eal property located on Bibescu Street, cadastral number 56554, Mogosoaia Village, Illfov County, Romania, consisting of a residence" and the "[r]eal property located in Moraresti Village, Arges[ ] County, Romania, consisting of a residence in the name of Dumitru Dan and Ionela Popescu" identified in the operative indictment (DE 249 at 88), as well as the €24,500 and $5,000 "seized by Romanian authorities on December 11, 2018" identified in the plea agreement, *see* DE 675 ¶ 9, and preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED**. Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2(b)(4)(A). The Court will further address forfeiture at that time. *See id.* at (b)(4)(B);

3. The Court, as to this Defendant only, **GENERALLY CONTINUES** the jury trial in this matter; and

4. The Court will issue a separate sentencing order.[1]

This the 23rd day of June, 2020.



Signed By:
*Robert E. Wier*  REW
**United States District Judge**

---

[1] At the hearing, Judge Stinnett remanded Popescu to custody. *See* DE 674. The Court, thus, sees no need to further address detention, at this time.